## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
                                        :
EMILY DOE                               :        CIVIL ACTION NO.
                                        :          3:17-cv-01894-JCH
V.                                      :
                                        :
ENFIELD BOARD OF EDUCATION, ET AL       :        MARCH 16, 2018
_____ :

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed**:

    November 10, 2017

**Date Complaint Served**:

    Waiver of Service Filed February 14, 2018

**Date of Defendants' Appearance**:

    January 29, 2018

**Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 5, 2017.  The participants were:**

    Elizabeth Knight Adams, Esq. for the Plaintiff

    James G. Williams, Esq. for the Defendants

I.      **CERTIFICATION:**

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.     **JURISDICTION:**

    A.    <u>Subject Matter Jurisdiction</u>

        Jurisdiction of this court is purportedly invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code, and Section 12131 of Title 42 of the United States Code.

    B.    <u>Personal Jurisdiction</u>

        Personal jurisdiction is not contested.

III.    **BRIEF DESCRIPTION OF CASE:**

    A.    <u>Claims of Plaintiff</u>:

        This case involves the rape of a young girl, Emily Doe, while at Enfield High School by Student A, who had a known propensity for sexual violence.  The assault against Emily, a student with significant speech and language disabilities, occurred after Student A manipulated and coerced her from one side of the school near her homeroom, to a stairwell that led to an unsupervised and unmonitored location in the basement - a location that invited misconduct.  Student A was thereafter able to pull Emily into a bathroom in that area, where he locked her in, pulled her into a stall and proceeded to forcibly rape her.

        Emily, by and through her parents, Jane and John Doe, seeks damages pursuant to 42 U.S.C. § 1983 and various state laws.

    B.    <u>Defenses</u>:

        The Defendants deny Plaintiff's allegations as alleged.  The Defendants have not had a full opportunity to investigate this matter and therefore reserves their right amend its responses.  Based upon their knowledge to date, the Defendants deny that any of their actions were unconstitutional, discriminatory, illegal, inappropriate or otherwise in violation of any law.  The Defendants further assert the following defenses: (a) failure to state a claim; (b) qualified governmental immunity; (c)

qualified immunity in that their conduct did not violate clearly established statutory or constitutional rights that a reasonable person would have known of; and (d) governmental immunity pursuant to Conn. Gen. Stat. 52-557n.

## IV.   STATEMENT OF UNDISPUTED FACTS:

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.   Emily Doe was enrolled as a student at Enfield High School in her freshman year for the 2015- 2016 Academic Year.

2.   Student A was enrolled as a student at Enfield High School in his freshman year for the 2015-2016 academic year.

3.   On November 12, 2015, a police report was made alleging the sexual assault of Emily Doe by Student A at Enfield High School.

## V.   CASE MANAGEMENT PLAN:

The parties request the following modifications to the Standing Order on Scheduling in Civil Cases as follows:  The parties request longer periods for discovery.

A.  Initial Disclosures

Initial Disclosures will be served by April 15, 2018.

B.  Scheduling Conference with the Court

1.      The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. Rule Civil Procedure 16(b).

2.      The parties prefer a scheduling conference, if held, be conducted by telephone.

C.  Early Settlement Conference

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.      The parties do not request an early settlement conference.

3.      At an appropriate time, the parties prefer a settlement conference with a United States Magistrate Judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.  <u>Joinder of Parties and Amendment of Pleadings</u>

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      The Plaintiff seeks additional time to file motions to join additional parties pending resolution at the Office of the Claims Commissioner of the State of Connecticut of her claims seeking permission to file suit against the Department of Children and Families.  A dispositive motion was filed by DCF before the Commission on November 8, 2017.  Plaintiff filed her objection on January 2, 2018 on the basis that DCF's motion was untimely and on substantive grounds.  The parties have not yet received a decision from the Commission.

Plaintiff should further be allowed until April 15, 2018 to file motions to amend the pleadings.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.      The Defendants do not seek additional time to file motions to join additional parties; new parties may be joined or pleadings amended only by leave of the court for good cause.

3.      The Defendants should also be allowed thirty (30) days from the date of the service of any amended pleading to file a responsive pleading to any amended complaint or other pleading that is served by Plaintiff.

4.      The Defendants shall have until May 1, 2018 within which to file a responsive pleading the Plaintiff's complaint.

E.  Discovery

a.  Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

> *Parties Position*:  The parties seek enlargement of the discovery deadlines to accommodate the lack of resolution of the parallel proceeding before the Connecticut Claims Commission.  The parties further seek enlargement given scheduling issues that typically arise in actions involving Boards of Education.
>
> *Defendants' Position* (if different):

b.  The parties anticipate that discovery will be needed on the following subjects: Discovery will be required on Plaintiff's claim that Defendants created and/or had knowledge of the dangerous conditions under which Emily Doe was assaulted; Defendants' knowledge of Student A's propensity to commit violent assault; Plaintiff's claim that she was a foreseeable victim subject to imminent harm; facts leading up to and following the assault; investigations following the assault; policies related to coordination with DCF regarding the sharing of knowledge regarding students in their care; training and policies regarding building security and supervision of students; training and policies regarding intervention during student assaults.

Discovery will also be required on Plaintiff's claims of damages.

c.  All discovery, including depositions of expert witnesses will be commenced by March 15, 2018 and completed (not propounded) by May 15, 2018.

d.      Discovery will not be conducted in phases.

e.      Early discovery is not requested.

f.      The parties anticipate that the Plaintiff will require ten (10) depositions of fact witnesses and the Defendants will require five (5) depositions of fact witnesses (excluding expert depositions).  The depositions of fact witnesses will commence March 15, 2018 and be completed by May 15, 2019.

g.      The parties do not request permission to serve more than twenty-five interrogatories at this time.  However, the parties reserve the right to file motions requesting permission to serve additional interrogatories.

h.      Plaintiff does intend to call expert witnesses at trial. Defendants do intend to call expert witnesses at trial.

i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by January 15, 2019. Depositions of any such experts will be completed by March 15, 2019.

j.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by March 15, 2019. Depositions of such experts will be completed by April 15, 2019.

k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 1, 2018.

l.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be

produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

1. The parties agree to preserve electronically stored records (as they may exist) retroactive to January 1, 2013.

2. The undersigned agree to instruct the parties the to preserve these records, including but not limited to electronic mail.  This shall include, to the greatest extent possible, the preservation of ESI and mailboxes by named Defendants, as well as current and former employees with knowledge and/or records related to this matter.

3. Electronically stored records will be produced in electronic format unless costs associated with such production are substantially greater than production by another format. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

m.      Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

1. The parties are in the process of discussing an agreement regarding the preservation of all educational records, including but not limited to discipline and special education records, employment records, investigation files, handwritten notes (whether or not maintained in an educational file), incident reports, and internal and external communications (electronic or otherwise), and policies, related to Plaintiff's claims set forth in her complaint.

7

n.      Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that if any information that is privileged or subject to work-product protection is inadvertently disclosed, the disclosing party will have fifteen (15) days from the disclosure to assert the privilege or work-product protection and seek the return of the information. The party to whom the information is disclosed agrees not to review the information after the assertion of privilege or work-product and further to not duplicate that information or further disclose it to others. The parties further agree to maintain a privilege log recording the assertion of claims of privilege after production.

F.   Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: Not applicable.

G.   Summary Judgment Motions

Summary Judgment Motions, which must comply with Local Rule 56, will be filed on or before June 15, 2019.

H.   Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than forty-five (45) days after entry of a ruling on the dispositive motion or motions, or by June 15, 2019 in the event that no dispositive motion is filed.

I.   Trial Ready Date

This case will be ready for trial on July 15, 2019, or sixty (60) days after the Court's ruling on any dispositive motion, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

BY: */s/ Elizabeth K. Adams*
Elizabeth Knight Adams
Law Offices of Elizabeth Knight Adams, P.C.
41B New London Tpke., Suite 7C
Glastonbury, CT 06033
860-724-1300
Fax: 860-724-1302
Email: eadams@ekadamslaw.com


THE DEFENDANTS

BY: */s/ James G. Williams*
James G. Williams, Esq.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT  06473
Tel: 203-234-6333
Fax: 203-234-6330
Federal Bar No. ct01938
Email: jwilliams@wwolaw.com

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Elizabeth K. Adams*
Elizabeth K. Adams, Esq.
